The plaintiff, proceeding pro se, seeks damages for the alleged confiscation and destruction by the defendant United States in July 1955, of the entire German edition of a book he wrote and for the defendant’s actions that allegedly suppressed publication of the book in West Germany until November 1980. The government moves to dismiss the petition on the grounds that this court lacks subject-matter jurisdiction and that the claims are barred by the statute of limitations and laches. We hold that the *552 statute of limitations bars the book-destruction claim, and that neither claim is within our jurisdiction.
The plaintiff alleges 'that in July 1955, James Bryant Conant, in his capacity as United States High Commissioner of West Germany, ordered the "entire German edition” of the plaintiffs book, DerBankier Verschworung Von Jekyl Island, which was the plaintiffs property, to be "confiscated and seized and destroyed.” According to the petition, the "book-burning” was reported by Reuters News Agency and the Washington Post, among others. Subsequent to the burning of plaintiffs books, the plaintiff claims that he sought compensation, apparently through informal channels, but the United States denied that the book-burning took place and refused to compensate the plaintiff. Plaintiff also alleges that from July 1955, until November 1980, when the plaintiffs book finally was published in West Germany, the United States government "did further cause the said book to be continuously banned” in that country.[1] The plaintiff seeks actual damages of $12,000,000 and an unspecified amount of punitive damages.
The claim based on the alleged book-burning in 1955 sounds in tort over which we have no jurisdiction. 28 U.S.C. § 1491 (1976). It also is long-since barred by our 6-year statute of limitations. 28 U.S.C. § 2501 (1976). The petition was filed in April 1981. The plaintiffs earlier attempt to obtain redress through informal means, including representations to Members of Congress, did not toll the statute since those attempts were optional and were not a precondition to suit. E.g., Mathis v. United States, 183 Ct. Cl. 145, 147-48, 391 F.2d 938, 939 (1968).
The other portion of plaintiffs claim — that the defendant caused the barring of publication of the book in West Germany from 1955 to 1980 — similarly sounds in tort. Moreover, the plaintiff cites no law by which Congress has mandated the payment of money for the government’s alleged action. See United States v. Testan, 424 U.S. 392 (1976); Eastport Steamship Corporation v. United States, *553 178 Ct. Cl. 599, 372 F.2d 1002 (1967). To the extent the plaintiff is asserting that the alleged suppression of publication violated his constitutional rights under the first amendment, we have no jurisdiction to award money damages for such claim. See, e.g., Featheringill v. United States, 217 Ct. Ct. 24, 32-33 (1978).
The defendant’s motion to dismiss is granted, and the petition is dismissed.

 The petition contends that the book-burning and the subsequent banning of the book was the result of a Communist conspiracy within the United States government. The petition describes Dr. Conant as the "second ranking Communist agent in the United States.”